IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY LAVERN CHALMERS,       )
                               )
           Petitioner,         )
                               )
     v.                        )     1:05CV448
                               )     1:01CR127-1
UNITED STATES OF AMERICA,      )
                               )
           Respondent.         )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner Anthony Lavern Chalmers, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (No. 1:01CR127-1, docket nos. 1, 12) The court sentenced him to 210 months in prison. (Id. docket no. 15) Petitioner did not appeal. He then filed this section 2255 motion raising two claims based on United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Docket no. 1)[1] He claims that his Sixth Amendment rights were violated and that his sentence was based on facts not found beyond a reasonable doubt or admitted by him. (Id.) Respondent has moved to dismiss the motion because it is barred by the statute of limitation. (Docket no. 3) Petitioner has responded to the motion to dismiss. (Docket no. 5) The matter is now ready for ruling.

---

[1] Further citations to the record will be to the civil case unless otherwise noted.

**DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R.

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

13(1). If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. Id. R. 13(3).

The pendency of a Fed. R. Crim. P. 33 motion for a new trial does not toll the one-year period. United States v. Prescott, 221 F.3d 686 (4th Cir. 2000). Resentencing, or the possibility of resentencing, under Fed. R. Crim. P. 35(b) does not extend the date on which the conviction becomes final. United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Because petitioner did not file a notice of appeal, his conviction became final ten days after entry of judgment. Clay, 537 U.S. 522. Petitioner's judgment was entered on August 30, 2001. (No. 1:01CR127, docket no. 15) Therefore, his conviction became final on September 14, 2001. He had until September 14, 2002, to file his section 2255 motion. Petitioner's motion is dated April 13, 2005. (Docket no. 1) This is the earliest that he could have filed his motion. It was therefore not timely filed under subsection one of section 2255.

Only if some other subsection of section 2255 gives petitioner more time to file his motion would it be timely filed. Subsection two requires an unlawful governmental action which prevented petitioner from filing his section 2255 motion, and there is no

allegation or showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences, <u>Booker</u>, 125 S.Ct. 738, and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Docket no. 1 & attached memorandum)  Although the Supreme Court has now decided that the reasoning of <u>Blakely</u> does apply to the federal sentencing guidelines, this decision is not retroactively applicable in collateral proceedings such as this case.  <u>See</u> <u>Booker</u>, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); <u>see also</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (<u>Ring</u> and <u>a fortiori</u> <u>Apprendi</u> does not apply retroactively on habeas review). Because petitioner's judgment became final in 2001, and <u>Booker</u> was decided in 2005, it would have to be applied retroactively to benefit petitioner.  Therefore, the <u>Blakely</u> line of cases does not extend petitioner's limitation period, and subsection three does not apply.

Petitioner contends that because <u>Apprendi</u> was decided in 2000, there is no need to consider the retroactivity issue. (Docket no. 5 at 3)  However, it was not until <u>Booker</u> was decided that the reasoning of <u>Apprendi</u> was extended to the federal sentencing

-4-

guidelines as petitioner is seeking in this motion.[3] Therefore, Booker is the holding that petitioner seeks to have applied to his case. This would require a retroactive application of that decision.

Subsection four allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Petitioner does not contend that he could not have discovered the facts underlying his claims by the time his conviction became final, and the court finds that he could have found these facts. Therefore, subsection four does not give him a longer limitation period.

Petitioner's motion is not timely under any subsection of section 2255. It should be dismissed.

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 3) be **GRANTED**, and that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
United States Magistrate Judge

September 6, 2005

---

[3] Petitioner's statutory maximum was life in prison (No. 1:01CR127-1, docket no. 12, ¶ 2.a.). His sentence of 210 months fell below this level.